**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ALLAN LASLEY, | § | CIVIL ACTION NO. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| ACADEMY, LTD d/b/a ACADEMY | § | |
| SPORTS + OUTDOORS, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Plaintiff, ALLAN LASLEY, individually and on behalf of all others similarly situated, by his attorneys, Shavitz Law Group, P.A., alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Assistant Managers, including Hardlines Managers, Softlines Managers, Logistics Managers, or Operations Managers, or in comparable roles with different titles ("AMs") for Defendant ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS ("Defendant" or "ACADEMY SPORTS") anywhere in the United States.

2. ACADEMY SPORTS operates over 230 retail store locations across the United States, including Texas, Oklahoma, Louisiana, Florida, Tennessee, Mississippi, Arkansas, Missouri, Georgia, South Carolina, North Carolina, Kansas, Indiana, Kentucky, and Illinois. From these store locations, Defendant offers "sports and outdoor equipment." https://www.academy.com/shop/en/store/company-info (last viewed December 29, 2017).

3. ACADEMY SPORTS staffs its stores leanly and strictly manages hours worked by non-exempt workers to avoid paying them overtime. To compensate for this deliberate

understaffing, ACADEMY SPORTS relies heavily on its salaried AMs to perform the duties of non-exempt employees when there are not enough hourly employees to do so. Because of ACADEMY SPORTS' retail hours and lean staffing model, AMs regularly work in excess of forty (40) hours per workweek and frequently work ten (10) or more hours per day.

4. Although they are labeled "managers," AMs are not responsible for true management functions. To the contrary, AMs spend the vast majority of their time performing the same duties as non-exempt employees. AMs' primary duties, which occupy the majority of their time, are: customer service, making sales, receiving and processing shipments, merchandising and placing products on the sales floor based on directions (planograms) from ACADEMY SPORTS.

5. The primary duties of AMs do not fall within any of the exemptions under federal or state overtime laws.

6. The primary duties of the AM position do not vary among ACADEMY SPORTS' stores.

7. Throughout the relevant period (as defined herein), ACADEMY SPORTS' policy across its stores has been to uniformly classify AMs as exempt from federal and state overtime provisions and not pay AMs any overtime wages.

8. ACADEMY SPORTS regularly requires AMs to work in excess of forty (40) hours per workweek.

9. By failing to pay AMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA").

10. Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant nationwide who elect to opt-in to this action pursuant to the FLSA

and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## THE PARTIES

*Plaintiff, Allan Lasley*

11. Plaintiff Allan Lasley ("Lasley") is an adult individual who is a resident of Martinez, Georgia.

12. Lasley was employed by Defendant as an AM. Specifically, Lasley worked as a Hardlines Manager, Logistics Manager, and Operations Manager, from approximately September 2010 to September 2016 at ACADEMY SPORTS locations in Katy, Texas; Hickory, North Carolina; and Aiken, South Carolina.

13. Defendant paid Lasley an annual salary of approximately $60,000.00.

14. Pursuant to Defendant's policy, pattern, and/or practice, Lasley regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Lasley typically worked between 55 and 60 hours per week. Lasley was not paid overtime wages for the hours he worked as an AM in excess of 40 each week.

15. At all times relevant hereto, Lasley was a covered employee within the meaning of the FLSA.

16. A written consent form for Lasley is attached hereto as Exhibit A.

**Defendant, Academy, Ltd. d/b/a/ Academy Sports + Outdoors**

17. ACADEMY SPORTS is an Texas limited partnership with a principal place of business in Katy, Texas.

18. ACADEMY SPORTS may be served through its registered agent Genetha Turner, 1540 North Mason Road, Katy, TX 77449.

19. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

20. Throughout the relevant period, Defendant employed Plaintiff and other AMs within the meaning of the FLSA. Defendant has had substantial control over Plaintiff and similarly situated AMs' working conditions and the unlawful policies and practices alleged herein.

21. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and other AMs, including timekeeping, payroll and other employment practices that applied to them.

22. Defendant applies the same employment policies, practices, and procedures to all AMs.

23. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

25. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is headquartered and does business in this District.

## FACTUAL ALLEGATIONS

27. Plaintiff brings this cause of action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as

AMs at any ACADEMY SPORTS location in the United States, on or after September 13, 2014 ("the relevant period")[1], who elect to opt-in to this action (the "FLSA Collective").

28. Throughout his employment with Defendant, Plaintiff and other AMs regularly worked in excess of 40 hours per week.

29. Defendant was aware that Plaintiff and other AMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

30. Defendant failed to keep accurate records of the hours that Plaintiff and other AMs worked.

31. The primary duties of Plaintiff and other AMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime such as customer service, making sales, receiving and processing shipments, merchandising and placing products on the sales floor based on directions (planograms) from ACADEMY SPORTS.

32. Plaintiff and other AMs were closely supervised by their Store Managers, and through common corporate policies and procedures that defined and circumscribed their work. Store Directors were responsible for the overall performance of the stores. Plaintiff and other AMs were not responsible for the overall performance of the stores.

33. Plaintiff and other AMs did not have authority to hire or fire store employees, nor did they have much, if any, input into who was hired and fired.

---

[1] The parties entered into a Tolling Agreement effective September 13, 2017 on behalf of the putative class of AMs including, Hardlines Managers, Softlines Managers, Logistics Managers, and Operations Managers. The Tolling Agreement was canceled on December 11, 2017, and the cancellation became effective on December 26, 2017. The parties also signed a Tolling Agreement relating to the named Plaintiff Lasley, which became effective on March 27, 2017. The Tolling Agreement was canceled on December 11, 2017, and the cancellation became effective on December 26, 2017.

34. During the relevant period, Defendant uniformly classified AMs as exempt from the FLSA's overtime pay requirements.

35. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

36. Defendant was aware, or should have been aware, that the FLSA required it to pay Plaintiff and other AMs overtime compensation for hours worked in excess of 40 per week.

37. Defendant was aware, or should have been aware, that Plaintiff and other AMs' primary duties were customer service, sales, receiving and processing shipments, and merchandising, and that these duties do not fall within any overtime exemption under the FLSA.

38. Defendant's failure to pay Plaintiff and other AMs overtime was willful.

39. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective performed.

40. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective have worked for the benefit of Defendant.

41. Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective an overtime premium for hours worked in excess of 40 per workweek.

42. Plaintiff and the FLSA Collective all perform or performed the same primary duties.

43. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Collective)

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

49. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

52. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

53. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

54. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

55. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA, and the supporting United States Department of Labor's and state regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Reasonable incentive awards for the Plaintiff to compensate him for the time and effort they have spent protecting the interests of other AMs, and the risks they have undertaken.

F. Attorneys' fees and costs of the action; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/Alan L. Quiles
Alan L. Quiles
Texas Bar No. 24075418
aquiles@shavitzlaw.com
Gregg I. Shavitz (to be admitted *pro hac vice*)
gshavitz@shavitlzlaw.com
Camar R. Jones (to be admitted *pro hac vice*)
cjones@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel: (561) 447-8888
Fax: (561) 447-8831

*Attorneys for Plaintiff and the Putative Class*

Signed this 29th day of December, 2017.

# Exhibit A

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Academy Sports, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____

Allan Lasley

Print Name